1
2
3
4

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

5
6
7
8

Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

9
10
11
12

Charles D. Moore (*pro hac vice* to be filed)
*cmoore@reesellp.com*
**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

13
14
15
16

Kevin Laukaitis (*pro hac vice* to be filed)
*klaukaitis@laukaitislaw.com*
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Telephone: (215) 789-4462

17
18

*Counsel for Plaintiff Hannah Veinbergs
and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH VEINBERGS, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiff,<br><br>          v.<br><br>CIGNA CORPORATION *and* CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>                    Defendants. | Case No. **'23CV1540 LAB DEB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hannah Veinbergs ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), brings this class action complaint against Defendants Cigna Corporation and Cigna Health and Life Insurance Company (together, "Defendants" or "Cigna") and alleges as follows:

## **INTRODUCTION**

1.     This action arises from Cigna's illegal scheme to systematically, wrongfully, and automatically deny its insureds the thorough, individualized physician review of claims guaranteed to them by law and, ultimately, the payments for necessary medical procedures owed to them under Cigna's health insurance policies.

2.     Cigna is a major medical insurance company in the United States. Plaintiff estimates Cigna has approximately 2.1 million members in California, based on its 18 million members nationwide. *See* Matej Mikulic, Statista, *Number of Cigna's medical customers from 2016 to 2022, by type* (Mar. 16, 2023), https://www.statista.com/statistics/985102/medical-customers-of-cigna/ [https://perma.cc/2PFW-DUNZ]; California Health Care Foundation, *California Health Care Almanac* (June 2022), https://www.chcf.org/wp-content/uploads/2022/06/HealthInsurersAlmanac2022.pdf [https://perma.cc/2FDM-EHUC].

3.     Cigna pledges that the company is "committed to improving the health and vitality" of its members. The Cigna Group, *The Cigna Group Company Profile* (2023), https://www.cigna.com/about-us/company-profile [https://perma.cc/GVB4-W9F6].

4.     In reality, Cigna developed an algorithm known as PXDX, short for "procedure-to-diagnosis," that it relies on to enable its doctors to automatically deny payments in batches of hundreds or thousands at a time for treatments that do not match certain preset criteria, thereby evading the legally-required individual physician review process.

5.     Relying on the PXDX system, Cigna's doctors instantly reject claims

1

1  on medical grounds without ever opening patient files, leaving thousands of patients
2  effectively without coverage and with unexpected bills.

3       6.    The scope of this problem is massive. For example, over a period of
4  two months in 2022, Cigna doctors denied over 300,000 requests for payments using
5  this method, spending an average of just 1.2 seconds "reviewing" each request.
6  Patrick Rucker et al., ProPublica, *How Cigna Saves Millions by Having Its Doctors*
7  *Reject Claims Without Reading Them* (Mar. 25, 2023), https://www.propublica.org/
8  article/cigna-pxdx-medical-health-insurance-rejection-claims [https://perma.cc/N5
9  P5-GT3G].

10       7.    The PXDX system saves Cigna money by allowing it to deny claims it
11  in the past would have paid and by eliminating the labor costs associated with paying
12  doctors and other employees for the time needed to conduct individualized, manual
13  review for each Cigna insured.

14       8.    Cigna also utilizes the PXDX system because it knows it will not be
15  held accountable for wrongful denials. For instance, Cigna knows that only a tiny
16  minority of policyholders (roughly 0.2%) will appeal denied claims, Karen Pollitz
17  et al., KFF, *Claims Denials and Appeals in ACA Marketplace Plans in 2021* (Feb.
18  9, 2023), https://www.kff.org/private-insurance/issue-brief/claims-denials-and-
19  appeals-in-aca-marketplace-plans/ [https://perma.cc/8ZD9-5E7M], and the vast
20  majority will either pay out-of-pocket costs or forgo the at-issue procedure.

21       9.    Cigna rejected Plaintiff's and the Class members' claims using the
22  PXDX system. Cigna failed to use reasonable standards in evaluating the individual
23  claims of Plaintiff and the Class members and instead allowed its doctors to sign off
24  on the denials in batches.

25       10.    By engaging in this misconduct, Cigna breached its fiduciary duties,
26  including its duty of good faith and fair dealing, because its conduct serves Cigna's
27  own economic self-interest and elevates Cigna's interests above the interests of its
28  insureds.

11.    By bringing this action, Plaintiff seeks to remedy Cigna's past improper and unlawful conduct by recovering damages for Plaintiff and the Class members and to enjoin Cigna from continuing to perpetrate its scheme against its insureds.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2). This is a class action in which there is a diversity of citizenship between at least one Class member and one Defendant; the proposed Class exceeds 100 members; and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants regularly conduct business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District. Plaintiff is a citizen of California who resides in this District.

## THE PARTIES

14.    Plaintiff Hannah Veinbergs is, and at all times relevant to this action has been, a citizen of California, residing in San Diego County. At all relevant times mentioned herein, Plaintiff was covered by a health insurance policy provided by Defendants.

15.    Defendant Cigna Corporation is a Connecticut corporation headquartered at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

16.    Defendant Cigna Corporation conducts insurance operations, representing to consumers that Cigna and its subsidiaries are a global health service organization. Defendant Cigna Corporation has a license to use the federally registered service mark "Cigna," markets and issues health insurance and insures, issues, administers, and makes coverage and benefit determinations related to health care policies nationally through its various wholly owned and controlled subsidiaries, controlled agents, and undisclosed principals and agents, including Defendant Cigna Health and Life Insurance Company.

17.     Defendant Cigna Corporation is licensed and regulated by the California Department of Insurance ("CDI") and the California Department of Managed Health Care ("CDMHC") to transact the business of insurance in California, is in fact transacting the business of insurance in California, and is thereby subject to the laws and regulations of California.

18.     Defendant Cigna Health and Life Insurance Company, incorporated in Connecticut, is a wholly owned subsidiary of Defendant Cigna Corporation, with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

19.     Defendant Cigna Health and Life Insurance Company markets and issues health insurance and insures, issues, administers, and renders coverage and benefit determinations related to health care policies.

20.     Defendant Cigna Health and Life Insurance Company is licensed and regulated by the CDI and the CDMHC to transact the business of insurance in California, is in fact transacting the business of insurance in California, and is thereby subject to the laws and regulations of California.

## FACTUAL ALLEGATIONS

### Background

21.     Defendants offered and sold health coverage to California consumers, including Plaintiff and the Class members.

22.     Plaintiff and the Class members enrolled with Defendants to receive health insurance coverage.

23.     Defendants provided Plaintiff and the Class members with written terms explaining the plan coverage Cigna offered them.

24.     According to these terms, Cigna must provide benefits for covered health services and pay all reasonable and medically necessary expenses incurred by a covered member.

25.     From the beginning of the applicable liability period to the present,

4

thousands of Cigna insureds, through healthcare providers, submitted bills to Cigna for reasonable and medically necessary expenses covered by their plan terms.

26.     Under California law, to determine whether a submitted claim is medically necessary, Defendants are required to conduct and diligently pursue a "thorough, fair, and objective" investigation into each bill for medical expenses submitted, pursuant to California's insurance regulations, CAL. CODE REGS. tit. 10, § 2695.7(d).

27.     In other words, Cigna's medical directors must examine patient records, review coverage policies, and use their expertise to decide whether to approve or deny claims to avoid unfair denials.

28.     Defendants have deliberately failed to fulfill their obligation to review individual claims in a thorough, fair, and objective manner, instead denying the claims for medical expenses of their insureds without conducting *any* investigation.

29.     Defendants utilize the PXDX system, which employs an algorithm to identify discrepancies between diagnoses and what Defendants consider acceptable tests and procedures for those ailments and automatically deny claims on those bases.

30.     After the PXDX system denies claims, Cigna doctors then sign off on the denials in batches without opening each patient's files to conduct a more detailed review of, for example, the treatment/procedure at issue and related injuries, the patient's prior medical or surgical history, the chronology of medical events, or any ambiguities and complications.

31.     Defendants wrongfully delegated their obligation to evaluate and investigate claims to the PXDX system, including determining whether medical expenses are reasonable and medically necessary.

32.     Under section 2695.7(b)(1) of Title 10 of the California Code of Regulations:

Where an insurer denies or rejects a first party claim, in whole or in

5

part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim. Every insurer that denies or rejects a third party claim, in whole or in part, or disputes liability or damages shall do so in writing.

33.     In violation of section 2695.7(b)(1), Defendants failed to inform their insureds in writing of the decision to deny their claims and failed to provide statements listing all bases for such denial, including the factual and legal bases for each reason given for such denial.

34.     Defendants fraudulently misled their insureds into believing their health plan would individually assess their claims and pay for medically necessary procedures.

35.     Had Plaintiff and the Class members known Defendants would evade the legally required process for reviewing patient claims and delegate that process to its PXDX algorithm to review and deny claims, they would not have enrolled with Cigna.

36.     Defendants knowingly committed unfair and deceptive acts or practices with a frequency indicating a general business practice in violation of California Insurance Code section 790.03.

37.     Defendants' review system of their insureds' claims undermines the principles of fairness and meaningful claim evaluation, which insureds expect from their insurers.

## **Plaintiff Hannah Veinbergs**

38.     Plaintiff Hannah Veinbergs has been enrolled with Cigna since 2018.

39.     On April 11, 2023, Ms. Veinbergs visited her primary care physician for a mental-health-related concern.

40.     Following this appointment, Cigna denied coverage to Ms. Veinbergs,

CLASS ACTION COMPLAINT

1 stating it would not cover a visit to her primary care physician for mental-health-

2 related reasons.

3     41.    Upon information and belief, Defendants used the PXDX system to

4 "review" and deny Ms. Veinbergs' claim.

5     42.    Upon information and belief, Defendants failed to have their doctors

6 conduct a thorough, fair, and objective investigation into Ms. Veinbergs' claim and

7 instead denied it based on the automated PXDX process.

8 **CLASS ALLEGATIONS**

9     43.    Plaintiff brings this action pursuant to Rule 23(a), (b)(2), and (b)(3) of

10 the Federal Rules of Civil Procedure on behalf of a class and a subclass defined as

11 follows:

12
13         **The Nationwide Class.** All persons who had purchased health insurance from Cigna in the United States from the beginning of the applicable liability period to the present.

14
15         **The California Subclass.** All persons who had purchased health insurance from Cigna in California from the beginning of the applicable liability period to the present.

16 Together, the Nationwide Class and the California Subclass are the "Class."

17     44.    Excluded from the Class are: (a) Defendants, Defendants' board

18 members, executive-level officers, and attorneys, and immediately family members

19 of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's

20 immediate family, and the Court staff; and (d) any person that timely and properly

21 excludes himself or herself from the Class in accordance with Court-approved

22 procedures.

23     45.    Plaintiff reserves the right to alter the Class definitions as she deems

24 necessary at any time to the full extent that the Federal Rules of Civil Procedure, the

25 Local Rules of the United States District Court for the Southern District of

26 California, and applicable precedent allow.

27     46.    **Numerosity.** The Class is so numerous that individual joinder of Class

28 members herein is impracticable. Upon information and belief, members of the Class

1 number in the hundreds of thousands or millions throughout the United States and
2 California.

3      47.    The precise number of Class members and their identities are unknown
4 to Plaintiff at this time but may be determined through discovery.

5      48.    **Commonality and predominance.** Common questions and a common
6 course of conduct dominate this action. Plaintiff and the Class had their claims
7 automatically rejected by Cigna using the PXDX system without individualized
8 evaluation of their medical records by Cigna's medical directors. As a result of this
9 misconduct by Defendants, Plaintiff and the Class members have suffered injury in
10 fact and have lost money.

11      49.    Common questions of fact and law which predominate over questions
12 that may affect individual class members include the following:

13          i.    whether Defendants automatically denied payment for claims
14                submitted by insureds and/or healthcare providers without
15                having a medical director examine patient records, review
16                coverage policies, and use their expertise to decide whether to
17                approve or deny claims;

18         ii.    whether Defendants' denials of claims are based on its use of the
19                PXDX system, which employs an algorithm to identify
20                discrepancies between diagnoses of ailments and what
21                Defendants consider acceptable tests and procedures for those
22                ailments and automatically deny claims on those bases;

23         iii.    whether Defendants failed to adopt and implement reasonable
24                standards for the prompt investigation and processing of claims
25                arising under insurance policies;

26         iv.    whether Defendants have a practice of relying on the PXDX
27                system to review and deny certain claims instead of having
28                medical directors use their expertise to decide whether to

8

CLASS ACTION COMPLAINT

1    approve or deny those claims; and

2    v.    whether Defendants' delegation of patient claims review to the

3    PXDX algorithm resulted in its failure to diligently conduct a

4    thorough, fair, and objective investigation into determinations of

5    claims for medical expenses submitted by insureds and/or

6    healthcare providers.

7    50.    **Typicality.** Plaintiff's claims are typical of the claims of the Class and

8    arise from the same common practice and scheme used by Defendants to deny the

9    claims of the members of the Class. In each instance, Defendants used the PXDX

10   system to review, process, and deny insured claims without the medical director's

11   review.

12   51.    **Adequacy.** Plaintiff will fairly and adequately represent and protect the

13   interests of the Class. Plaintiff has retained competent and experienced counsel in

14   class action and other complex litigation.

15   52.    **Superiority.** A class action is superior to other available methods for

16   fair and efficient adjudication of this controversy. The expense and burden of

17   individual litigation would make it impracticable or impossible for the Class to

18   prosecute their claims individually.

19   53.    Absent a class action, Defendants will likely retain the benefits of their

20   wrongdoing. Because of the small size of the individual Class members' claims, few,

21   if any, Class members could afford to seek legal redress for the wrongs complained

22   of herein. Absent a representative action, the Class will continue to suffer losses and

23   Defendants will be allowed to continue these violations of law and to retain the

24   proceeds of their ill-gotten gains.

25   54.    The trial and litigation of Plaintiff's claims are manageable. Individual

26   litigation of the legal and factual issues raised by Defendants' conduct would

27   increase delay and expense to all parties and the court system. The class action

28   device presents far fewer management difficulties and provides the benefits of a

single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

55.    The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

56.    **Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.

57.    **Notice.** Plaintiff and her counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## <u>COUNT I</u>

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### Against All Defendants

### On Behalf of Plaintiff and the Class

58.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

59.    Plaintiff brings this claim for breach of the implied covenant of good faith and fair dealing against all Defendants on behalf of the Class.

60.    Plaintiff and the Class members entered into written contracts with Defendants, which provided for coverage for medical services administered by healthcare providers.

61.    Pursuant to the contracts, in exchange for insureds' premium payments, Defendants implied and covenanted that they would act in good faith and follow the law and the contracts with respect to the prompt and fair payment of Plaintiffs' and

10

1  the Class members' claims.

2      62.   Defendants have breached their duty of good faith and fair dealing by,
3  among other things:

4              i.      improperly delegating their claims review function to the PXDX
5                      system, which uses an automated process to improperly deny
6                      claims;

7              ii.     allowing their medical directors to sign off on the denials in
8                      batches without reviewing each patient's file; and

9              iii.    failing to have their medical directors conduct a thorough, fair,
10                     and objective investigation of each submitted claim, such as
11                     examining patient records, reviewing coverage policies, and
12                     using their expertise to decide whether to approve or deny claims
13                     to avoid unfair denials.

14     63.   Defendants' practices as described herein violated their duties to
15  Plaintiff and the Class members under the insurance contracts.

16     64.   Defendants' practices as described herein violated their duties to
17  Plaintiff and the Class members under California law.

18     65.   Defendants' practices as described herein constitute an unreasonable
19  denial of Plaintiff's and the Class members' rights to a thorough, fair, and objective
20  investigation of each of their claims by a doctor and breach the implied covenant of
21  good faith and fair dealing arising from Defendants' insurance contracts.

22     66.   Defendants' practices as described herein further constitute an
23  unreasonable denial to pay benefits due to Plaintiff and the Class members in breach
24  of the implied covenant of good faith and fair dealing arising from Defendants'
25  insurance contracts.

26     67.   Defendants' wrongful denial of Plaintiff's and the Class members' right
27  to a thorough, fair, and objection investigation and wrongful denial of claims
28  damaged Plaintiff and the Class members.

68.    As a direct and proximate result of Defendants' breaches, Plaintiff and the Class members have suffered and will continue to suffer in the future economic losses, including the benefits owed under their health insurance plans, the interruption of Plaintiff's and the Class members' businesses, and other general, incidental, and consequential damages, in amounts according to proof at trial. Plaintiff and the Class members also seek statutory and pre- and post-judgment interest against Defendants and each of them.

69.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner, and therefore Plaintiff and the Class members seek punitive damages against Defendants.

70.    By reason of the conduct of Defendants as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the present action. Plaintiff therefore seeks reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

## COUNT II

### Violation of California's Unfair Competition Law

### CAL. BUS. & PROF. CODE § 17200 *et seq.*

### Against All Defendants

### On Behalf of Plaintiff and the California Subclass

71.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

72.    Plaintiff brings this claim against all Defendants pursuant to California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"), on behalf of the California Subclass.

73.    The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200.

74.    Under California Insurance Code section 790.03(h), the following are classified as unfair methods of competition and unfair and deceptive acts or practices

in the business of insurance when they are knowingly committed or performed with such frequency as to indicate a general business practice:

        i.    "Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies." CAL. INS. CODE § 790.03(h)(3).

        ii.   "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." *Id.* § 790.03(h)(5).

        iii.  "Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement." *Id.* § 790.03(h)(13).

75.    Under section 2695.7(b)(1) of Title 10 of the California Code of Regulations:

> Where an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim. Every insurer that denies or rejects a third party claim, in whole or in part, or disputes liability or damages shall do so in writing.

76.    Under section 2695.7(d) of Title 10 of the California Code of Regulations, "[e]very insurer shall conduct and diligently pursue a thorough, fair and objective investigation and shall not persist in seeking information not reasonably required for or material to the resolution of a claim dispute."

77.    Under California Health and Safety Code section 1367.01(e):

> No individual, other than a licensed physician or a licensed health care professional who is competent to evaluate the specific clinical issues involved in the health care services requested by the provider, may deny

13

or modify requests for authorization of health care services for an enrollee for reasons of medical necessity. The decision of the physician or other health care professional shall be communicated to the provider and the enrollee pursuant to subdivision (h)."

78.    Under California Health and Safety Code section 1367.01(h)(4), "[i]n determining whether to approve, modify, or deny requests by providers prior to, retrospectively, or concurrent with the provision of health care services to enrollees, based in whole or in part on medical necessity, a health care service plan" shall meet requirements including the following:

Communications regarding decisions to approve requests by providers prior to, retrospectively, or concurrent with the provision of health care services to enrollees shall specify the specific health care service approved. Responses regarding decisions to deny, delay, or modify health care services requested by providers prior to, retrospectively, or concurrent with the provision of health care services to enrollees shall be communicated to the enrollee in writing, and to providers initially by telephone or facsimile, except with regard to decisions rendered retrospectively, and then in writing, and shall include a clear and concise explanation of the reasons for the plan's decision, a description of the criteria or guidelines used, and the clinical reasons for the decisions regarding medical necessity. Any written communication to a physician or other health care provider of a denial, delay, or modification of a request shall include the name and telephone number of the health care professional responsible for the denial, delay, or modification. The telephone number provided shall be a direct number or an extension, to allow the physician or health care provider easily to contact the professional responsible for the denial, delay, or modification. Responses shall also include information as to how the enrollee may file a grievance with the plan pursuant to [California Health and Safety Code] Section 1368, and in the case of Medi-Cal enrollees, shall explain how to request an administrative hearing and aid paid pending under Sections 51014.1 and 51014. 2 of Title 22 of the California Code of Regulations.

79.    **Unlawful Prong:** Defendants' conduct violates the unlawful prong of the UCL because they have violated California's express statutory and regulatory requirements regarding insurance claims handling pursuant to California Insurance Code section 790.03, section 2695.7 of Title 10 of the California Code of Regulations, and California Health and Safety Code section 1367.01. Defendants violated the unlawful prong of the UCL when they:

i.    did not attempt in good faith to effectuate prompt, fair, and

14

equitable settlements of claims for Plaintiff and the California Subclass members as required by California Insurance Code section 790.03(h) and failed to comply with sections 790.03(h)(3), (5), and (13);

ii.  failed to notify Plaintiff and the California Subclass members in writing about their rejection or denial of claims and include a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial as required by section 2695.7(b)(1) of Title 10 of the California Code of Regulations;

iii.  failed to implement reasonable standards for the thorough, fair, and objective investigation and processing of claims arising under their policies for Plaintiff and the California Subclass members as required by section 2695.7(d) of Title 10 of the California Code of Regulations;

iv.  allowed the PXDX system to review and deny Plaintiff's and the California Subclass members' claims instead of having a licensed physician or licensed health care professional who is competent to evaluate the specific clinical issues involved in the health care services requested by the provider to deny or modify requests for authorization of health care services for an enrollee for reasons of medical necessity as required by California Health and Safety Code section 1367.01(e); and

v.  failed to communicate to Plaintiff and the California Subclass members in writing their decision to deny Plaintiff's and the California Subclass members' claims and provide a clear and concise explanation of the reasons for the decision, a description of the criteria or guidelines used, and the clinical reasons for the

15

decisions regarding medical necessity, including the information as to how Plaintiff and the California Subclass members may file a grievance with the plan, as required by California Health and Safety Code section 1367.01(h)(4).

80. **Unfair Prong:** Defendants' actions violated the unfair prong of the UCL because the acts and practices set forth above, including Defendants' use of the PXDX system to process and deny claims and their rejection of claims in batches without a thorough, fair, and objective investigation, offend established public policy and cause harm to consumers that greatly outweighs any benefit associated with those practices.

81. Defendants' actions also violate the unfair prong because they constitute a systematic breach of consumer contracts.

82. **Fraudulent Prong:** Defendants have violated the fraudulent business practices prong of the UCL because their misrepresentations and omissions regarding the Cigna insurance policies and Plaintiff's and the California Subclass members' rights under the policies, including the denial of claims on sham pretenses, were likely to deceive a reasonable consumer, and this information would be material to a reasonable consumer.

83. Defendants fraudulently misled Plaintiff and the California Subclass members into believing their health plans would ensure thorough, fair, and objective investigations by medical professionals into each submitted claim and provide coverage for reasonable and medically necessary procedures.

84. Plaintiff and the California Subclass members would not have enrolled with Defendants had they known Defendants failed to diligently pursue a thorough, fair, and objective investigation into each submitted claim.

85. As a direct and proximate result of Defendants' violation of the UCL, Plaintiff and the California Subclass members have been injured in fact and lost money in that Defendants failed to provide benefits owed to them under the

16

1   insurance policies Defendants issued.

2   86.   To date, Defendants continue to violate the UCL by breaching their

3   insurance contracts.

4   87.   Pursuant to California Business and Professions Code section 17203,

5   Plaintiff and the California Subclass members seek an order enjoining Defendants

6   from continuing to engage in their unlawful, unfair, and fraudulent conduct alleged

7   herein.

8   88.   Pursuant to section 17203, Plaintiff and the California Subclass

9   members seek an order enjoining Defendants from denying benefits owed to Cigna

10   insureds through their scheme involving the PXDX processing system. Without such

11   an order, there is a continuing threat to Plaintiff and the California Subclass

12   members, as well as to members of the general public, that Defendants will continue

13   to systematically deny and reduce benefits to California consumers through their use

14   of the PXDX system.

15   89.   Pursuant to section 17203, Plaintiff and the California Subclass

16   members seek an order awarding restitution of the money Defendants wrongfully

17   acquired through their violations of the UCL and/or disgorgement of Defendants'

18   ill-gotten revenues and/or profits obtained in violation of the UCL, in an amount to

19   be determined at trial.

20   ## COUNT III

21   **Intentional Interference with Contractual Relations**

22   **Against All Defendants**

23   **On Behalf of Plaintiff and the Class**

24   90.   Plaintiff realleges and incorporates by reference all preceding

25   allegations as though fully set forth herein.

26   91.   Plaintiff brings this claim for intentional interference with contractual

27   relations against all Defendants on behalf of the Class.

28   92.   Plaintiff and the Class members entered into written contracts with

17

Defendants, whereby Defendants were required to pay for Plaintiff's and the Class members' medically necessary services rendered by healthcare providers.

93.   Defendants were aware that they are bound by contracts under which they were required to authorize payments for medically necessary services rendered by healthcare providers to Plaintiff and the Class members.

94.   Defendants knew and understood that Plaintiff and the Class members, by enrolling with Cigna, had entered into such contracts or had reasonable economic expectations.

95.   Defendants intended to disrupt and interfere with the performance of Plaintiff's and the Class members' contracts by denying payments for medically necessary services without any basis.

96.   Defendants knew that disruption and interference with the performance of Plaintiff's and the Class members' contracts were certain or substantially certain to occur when Defendants denied payments for medically necessary services without any basis.

97.   Defendants' interference with Plaintiff's and the Class members' contracts was improper and based on false and misleading representations designed to enhance Cigna's profits through automated batch denial of claims.

98.   Defendants' business practices and conduct described herein were intended by Defendants to cause injury to Plaintiff and the Class members, or the conduct was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff and the Class members, subjecting Plaintiff and the Class members to cruel and unjust hardship in conscious disregard of their rights.

99.   Defendants' business practices and conduct did in fact cause injury to Plaintiff and the Class members.

100.   Defendants' business practices and conduct were a substantial factor in causing Plaintiff's and the Class members' harm.

1    101.   Defendants' misrepresentations, deceit, or concealment of material

2  facts known to Defendants were done with the intent to deprive Plaintiff and the

3  Class members of property, legal rights, or to otherwise cause injury, such as to

4  constitute malice, oppression, or fraud, and Plaintiff and the Class members

5  therefore seek punitive damages, including but not limited to punitive damages

6  under California Civil Code section 3294.

7                                    **COUNT IV**

8                                **Unjust Enrichment**

9                               **Against All Defendants**

10                        **On Behalf of Plaintiff and the Class**

11    102.   Plaintiff realleges and incorporates by reference all preceding

12  allegations as though fully set forth herein.

13    103.   Plaintiff brings this claim for unjust enrichment against all Defendants

14  on behalf of the Class.

15    104.   By delegating the claims review process to the automated PXDX

16  system, Defendants knowingly charged Plaintiff and the Class members insurance

17  premiums for services that Defendants failed to deliver. This was done in a manner

18  that was unfair, unconscionable, and oppressive.

19    105.   Defendants knowingly received and retained wrongful benefits and

20  funds from Plaintiff and the Class members. In so doing, Defendants acted with

21  conscious disregard for the rights of Plaintiff and the Class members.

22    106.   As a result of Defendants' wrongful conduct as alleged herein,

23  Defendants have been unjustly enriched at the expense of, and to the detriment of,

24  Plaintiff and the Class members.

25    107.   Defendants' unjust enrichment is traceable to and resulted directly and

26  proximately from the conduct alleged herein.

27    108.   Under the common law doctrine of unjust enrichment, it is inequitable

28  for Defendants to be permitted to retain the benefits they received, without

1   justification, from arbitrarily denying their insureds medical payments owed to them

2   under Cigna's policies in an unfair, unconscionable, and oppressive manner.

3   Defendants' retention of such funds under such circumstances makes it inequitable

4   for Defendants to retain the funds and constitutes unjust enrichment.

5       109.   The financial benefits derived by Defendants rightfully belong to

6   Plaintiff and the Class members. Defendants should be compelled to return in a

7   common fund for the benefit of Plaintiff and the Class members all wrongful or

8   inequitable proceeds received by Defendants.

9       110.   Plaintiff and the members of the Class have no adequate remedy at law.

10   **<u>PRAYER FOR RELIEF</u>**

11       WHEREFORE, Plaintiff, individually and on behalf of the members of the

12   Class, respectfully requests the Court to enter an Order:

13       A.   certifying the proposed Class under Federal Rule of Civil Procedure

14   23(a), (b)(2), and (b)(3), as set forth above;

15       B.   declaring that Defendant is financially responsible for notifying the

16   Class members of the pendency of this suit;

17       C.   declaring that Defendant has committed the violations of law alleged

18   herein;

19       D.   providing for any and all injunctive relief the Court deems appropriate;

20       E.   awarding monetary damages, including but not limited to any

21   compensatory, incidental, or consequential damages in an amount that the Court or

22   jury will determine, in accordance with applicable law;

23       F.   providing for any and all equitable monetary relief the Court deems

24   appropriate;

25       G.   awarding punitive or exemplary damages in accordance with proof and

26   in an amount consistent with applicable precedent;

27       H.   awarding Plaintiff her reasonable costs and expenses of suit, including

28   attorneys' fees;

1    I.    awarding statutory and pre- and post-judgment interest to the extent the
2  law allows; and

3    J.    providing such further relief as this Court may deem just and proper.

4                    **DEMAND FOR JURY TRIAL**

5    Plaintiff demands a jury trial on all issues so triable.

6

7  Date: August 21, 2023                    **REESE LLP**

8                              By: */s/ George V. Granade*
9                              George V. Granade (State Bar No. 316050)
                              *ggranade@reesellp.com*
                              8484 Wilshire Boulevard, Suite 515
10                             Los Angeles, California 90211
                              Telephone: (310) 393-0070
11                             Facsimile: (212) 253-4272

12                             **REESE LLP**
                              Michael R. Reese (State Bar No. 206773)
13                             *mreese@reesellp.com*
                              100 West 93rd Street, 16th Floor
14                             New York, New York 10025
                              Telephone: (212) 643-0500
15                             Facsimile: (212) 253-4272

16                             **REESE LLP**
                              Charles D. Moore (*pro hac vice* to be filed)
17                             *cmoore@reesellp.com*
                              100 South 5th Street, Suite 1900
18                             Minneapolis, Minnesota 55402
                              Telephone: (212) 643-0500
19                             Facsimile: (212) 253-4272

20                             **LAUKAITIS LAW LLC**
                              Kevin Laukaitis (*pro hac vice* to be filed)
21                             *klaukaitis@laukaitislaw.com*
                              954 Avenida Ponce De Leon
22                             Suite 205, #10518
                              San Juan, Puerto Rico 00907
23                             Telephone: (215) 789-4462

24                             *Counsel for Plaintiff Hannah Veinbergs*
                              *and the Proposed Class*

25

26

27

28

CLASS ACTION COMPLAINT